UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | 3:08 CR 232 (CFD) |
| v. | : | |
| | : | |
| | : | |
| AHMET CAGLAR | : | |
|     Defendant. | : | |
| | : | |

**RULING ON PRETRIAL MOTIONS**

Ahmet Caglar is charged by an eight-count Superseding Indictment with conspiracy to structure financial transactions, aiding and abetting structuring, and structuring, in violation of 31 U.S.C. § 5324(a) and 18 U.S.C. §§ 2 & 371.  Pending are various pretrial motions, including the defendant's motion to dismiss and motion to strike surplusage from the Superseding Indictment.

**I.    Background**

The Superseding Indictment charges Ahmet Caglar ("Caglar") and his father, Mehmet Caglar, with conspiracy and structuring cash deposits into two bank accounts.  Its general allegations provide that "Defendant AHMET CAGLAR was a member and agent for PANDA ICE CREAM LLC ("PANDA"), an ice cream sales business located at 57 Tunxis Street, Windsor, Connecticut," and that "Defendant MEHMET CAGLAR is AHMET CAGLAR'S father."  Count One charges Ahmet and Mehmet Caglar with Conspiracy under 18 U.S.C. § 371 and 31 U.S.C. § 5324(a).  Counts Two through Six charge both Ahmet Caglar and Mehmet Caglar with Structuring and Aiding and Abetting Structuring in violation of 31 U.S.C. § 5324(a)(1), (a)(3), (d) and 18 U.S.C. § 2.  Counts Seven and Eight charge only Ahmet Caglar

with Attempt to Structure and Structuring in violation of 31 U.S.C. § 5324(a)(1), (a)(3), (d). Ahmet Caglar is detained in federal custody. Although a warrant issued as to Mehmet Caglar on November 13, 2008, he has not been arrested.

## II.     Motion to Dismiss

The defendant moves to dismiss Counts Two through Six of the Superseding Indictment, which charge him with structuring and aiding and abetting the crime of structuring in violation of 31 U.S.C. § 5324(a)(1), (a)(3) and (d), and 18 U.S.C. § 2. Caglar argues he cannot have aided and abetted a crime unless the principal is alleged to have committed a crime, and in this case, where the principals are the banks, the indictment does not allege and the Grand Jury did not hear facts upon which the banks could be convicted of structuring. The defendant cites United States v. Maroun, 739 F. Supp. 684 (D. Mass. 1990), in support. In Maroun, the defendants moved to dismiss counts of the indictment that charged them with violating the federal structuring statutes and 18 U.S.C. §§ 2 and 1001. The court explained that when charging a defendant with structuring under 31 U.S.C. § 5324(3), an indictment need not charge the banks as principals, but when charging a defendant under 18 U.S.C. § 2 for aiding and abetting a violation of 18 U.S.C. § 1001, an indictment "still requires [a] link" to the principal who allegedly committed the crime. Id. at 692. The court dismissed the § 1001 count because the indictment did not allege the link required under 18 U.S.C. § 2 between the defendants and the bank because the bank had no obligation to report the defendants' transactions under § 1001. Id.

The instant case is distinguishable. As explained in Maroun, a charge of aiding and abetting in violation of 18 U.S.C. § 2 does require a link to a principal charged with a crime. Here, however, the Government has charged Ahmet Caglar with a violation of 18 U.S.C. § 2 for

aiding and abetting the principal, Mehmet Caglar, in violation of 31 U.S.C. § 5324, and vice versa.  As the Maroun court noted, "an independent basis for individual depositor responsibility exists, because § 5324(3) criminalizes the attempted or successful evasion of federal currency reporting requirements by a bank customer."  Id. at 688.  As there is a basis for individual depositor liability for either Mehmet or Ahmet Caglar under 5324(a), Mehmet and Ahmet Caglar can also be properly charged with aiding and abetting the other pursuant to 18 U.S.C. § 2.  Because the Superseding Indictment sufficiently alleges that Ahmet Caglar and Mehmet Caglar violated 18 U.S.C. § 2 in aiding and abetting each other as principals, the motion to dismiss is denied.

### III.    Motion to Strike

The defendant moves pursuant to Fed. R. Crim. P. 7(d) to strike surplusage from the Superseding Indictment.  In particular, he moves to strike the general allegations that "Defendant AHMET CAGLAR was a member and agent for PANDA ICE CREAM LLC ("PANDA"), an ice cream sales business located at 57 Tunxis Street, Windsor, Connecticut," and that "Defendant MEHMET CAGLAR is AHMET CAGLAR'S father."  The defendant argues these statements are immaterial, irrelevant, and will convey prejudicial information to the jury, particularly as the jury will be left to wonder as to the whereabouts of Mehmet.

Fed. R. Crim. P. 7(d) provides that, "Upon the defendant's motion, the court may strike surplusage from the indictment or information."  Nonetheless, "[t]he scope of a district court's discretion to strike material from an indictment is narrow."  United States v. Oakar, 111 F.3d 146, 157 (D.D.C. 1997).  "Motions to strike surplusage from an indictment will be granted only where the challenged allegations are not relevant to the crime charged and are inflammatory and

prejudicial." United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990) (internal quotation marks omitted). "If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." Id. (quotations and alterations omitted). Ahmet Caglar's relation to Mehmet Caglar and his operation of an ice cream sales business are relevant to Ahmet and Mehmet's relationship and alleged motive to structure. Furthermore, at trial the Court can craft a limiting instruction to shield against possible prejudice to Ahmet because of Mehmet's absence. Therefore, the motion to strike is denied.

### IV. Conclusion

Caglar's motion to dismiss [Dkt. # 41] and motion to strike [Dkt. # 39] are denied. Caglar's motions for leave to file [Dkts. # 36, 81] are granted. Caglar withdrew his second motion for disclosure [Dkt. #80]. Caglar's motions for discovery [Dkts. # 38, 59] are denied as moot.

The Court reserves judgment on the remainder of the pretrial motions, including the motions in limine [Dkts. # 28, 34, 61], the motion to suppress [Dkts. # 29, 37, 47, 60], the motion for a corporeal lineup [Dkts. # 57, 82], the motion for disclosure [Dkt. # 62], and the motion for bond [Dkt. # 83].

SO ORDERED this ___20th___ day of July 2009 at Hartford, Connecticut.


    /s/Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**